Emma Aycock et al. v. Texas Transportation Company et al.

Decided April 12, 1899.

**Practice on Appeal Where Appellant Dismissed Below.**

Plaintiff in a suit for an injunction, who voluntarily dismisses as to some of the defendants upon the refusal of the court to grant a temporary injunction, and as to the other defendant upon the vacation of a temporary injunction as to it, can not on appeal be heard to complain of the judgment of dismissal so entered at his own instance.

Appeal from Bexar. Tried below before Hon. Robert B. Green.

*C. S. Robinson,* for appellants.

NEILL, Associate Justice.—On September 17, 1898, the appellant, Emma Aycock, joined by her husband, instituted this suit in the District Court of Bexar County against the Texas Transportation Company, the San Antonio Brewing Association, the San Antonio Rapid Transit Street Railway Company, John J. Stevens, and the city of San Antonio, to restrain said parties from running and operating a certain street railway in the city of San Antonio partly constructed in and along the street upon which certain real property claimed by her abutted; to have the track of said railroad in front of her premises declared a nuisance and removed from said street; to compel the city of San Antonio to rescind a certain ordinance granting to said railroad the franchise by virtue of which its track was constructed and laid along said street, and a judgment for damages was also asked.

Upon presentation of the petition to the district judge, he ordered, in vacation, a preliminary hearing of appellants' application for the writ of injunction to be had on the 20th of September, 1898. At the time appointed, the Texas Transportation Company, the San Antonio Brewing Association, and J. J. Stevens only appeared and opposed the granting of the writ, by filing general demurrers and general denials.

At this hearing a temporary writ of injunction was refused, to which action of the court the appellants excepted.

The city of San Antonio, though having been duly cited, failed to answer, and on the 17th day of December, 1898, an interlocutory judgment by default was entered in favor of appellants against the city, and an order entered enjoining and restraining the city of San Antonio from permitting said railroad track, upon which appellants' property abutted, to be used by the other defendants. And it was also ordered that the

ordinance granting the use of said street for the construction and operation of said railroad be annulled. And it was further ordered that the cause be continued as to the other defendants until said interlocutory judgment should be made final.

On December 19, 1898, the city of San Antonio appeared and moved the court to set aside said interlocutory judgment, whereupon the appellants appeared in opposition to said motion, and asked that said interlocutory judgment be made final, and at the same time voluntarily entered a dismissal of their suit as to all the defendants except the city.

Upon the 24th day of December, 1898, the court granted the motion of the city of San Antonio to set aside said interlocutory judgment. Whereupon the appellants voluntarily dismissed their suit, excepted to the action of the court in setting aside the interlocutory judgment, and gave notice of appeal.

*Opinion.*—It will be observed from this statement that there was no adverse ruling to appellants' cause of action as set out in their pleadings. The court upon the preliminary hearing, had in vacation, simply refused to grant appellants a temporary writ of injunction, and continued the case for hearing upon its merits. No trial of the cause upon its merits was sought by appellants, but they contented themselves with voluntarily dismissing the suit as to all the defendants except the city of San Antonio. And when the interlocutory judgment against the city was set aside, they dismissed the suit as to it, and appealed. While the judgment is final, and may, under the rulings of the Supreme Court, be such as can be appealed from, we can not see how the appellants can complain of it. For without touching the merits of the case, such judgment was entered at their instance, and no error is disclosed by the record.

Therefore the judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.